**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Shannon Roxanne Cattaneo Jacob, Justin Moore, and
Jeremy Jacob, Defendants,

Of whom Shannon Roxanne Cattaneo Jacob is the
Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2019-001619

Appeal From Spartanburg County
Phillip K. Sinclair, Family Court Judge

Unpublished Opinion No. 2020-UP-221
Submitted July 9, 2020 – Filed July 21, 2020

**AFFIRMED**

Shannon Roxanne Cattaneo Jacob, of Spartanburg, pro
se.

Robert C. Rhoden, III, of the South Carolina Department
of Social Services, of Spartanburg, for Respondent.

Jacqueline Alicia Moss, of Law Firm of Jacqueline Moss, of Spartanburg, for the Guardian ad Litem.

---

**PER CURIAM:** Shannon Roxanne Cattaneo Jacob (Mother) appeals an order terminating her parental rights to her minor child (Child). On appeal, Mother argues the family court erred in finding (1) she failed to remedy the conditions causing removal, (2) the Department of Social Services (DSS) met its burden of proof regarding the statutory grounds for termination of parental rights (TPR), and (3) TPR was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2019). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

DSS presented clear and convincing evidence showing Mother failed to remedy the conditions that caused the removal. *See* § 63-7-2570(2) (stating a statutory ground for TPR exists when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). Here, Child was removed because he tested positive for amphetamines. After Child's removal, the family court ordered Mother to complete a placement plan. Mother did not attend DSS's recommended treatment services or submit the drug screens requested by DSS. Although Mother did seek help at a facility DSS did not recommend, Mother relapsed at least twice following the counseling. Mother attempted counseling at a separate facility more than two years later, but she did not provide a truthful history of her drug abuse during her assessment or complete any other treatment following the assessment. Accordingly, clear and convincing evidence showed Mother failed to remedy the conditions causing removal.

Second, clear and convincing evidence showed Child was harmed, and because of the severity or repetition of the abuse or neglect, it was not reasonably likely Mother's home would be made safe within twelve months. *See* § 63-7-2570(1) (providing a statutory ground for TPR exists when "[t]he child or another child while residing in the parent's domicile has been harmed . . . and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"). Child tested positive for amphetamine and methamphetamine on two occasions, which constituted harm. *See* S.C. Code Ann. § 63-7-20(6)(a)(i) ("'Child abuse' or 'neglect' or 'harm' occurs when the parent . . . engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). Mother sought treatment shortly after DSS removed Child, but she relapsed at least twice afterwards. Mother failed to complete the DSS recommended treatment or drug screens, and thus it was not reasonably likely Mother's home could be made safe within twelve months. Accordingly, clear and convincing evidence showed Mother's home could not be made safe within twelve months due to the severity or repetition of harm.

Third, clear and convincing evidence showed Mother had a diagnosable condition of drug addiction that was unlikely to change within a reasonable time and that made her unlikely to provide minimally adequate care for Child. *See* § 63-7-2570(6)(a) (providing a statutory ground for TPR is met when "the parent has a diagnosable condition unlikely to change within a reasonable time including, but not limited to, addiction to alcohol or illegal drugs or prescription medication abuse; and . . . the condition makes the parent unlikely to provide minimally acceptable care of the child"). DSS caseworkers testified Mother was not cooperative in obtaining treatment for her drug use. Moreover, Mother refused to submit drug screens requested by DSS. The family court ordered Mother to attend a drug counseling program at the Forrester Center in Spartanburg twice and the record indicates Mother failed to comply with the treatment. *See* § 63-7-2570(6)(b) ("It is presumed that the parent's condition is unlikely to change within a reasonable time upon proof that the parent has been required by [DSS] or the family court to participate in a treatment program for alcohol or drug addiction, and the parent has failed two or more times to complete the program successfully or has refused at two or more separate meetings with [DSS] to participate in a treatment program."). Accordingly, clear and convincing evidence showed Mother had a diagnosable condition in the form of drug addiction that was unlikely to change within a reasonable time. [1]

---

[1] Because clear and convincing evidence supports these statutory grounds, we decline to address whether Mother willfully failed to support Child. *See S.C. Dep't*

Finally, viewed from Child's perspective, we find TPR was in Child's best interest. *See* S.C. Code Ann. § 63-7-2570 (stating the family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in TPR cases). Mother failed to complete her placement plan, including substance abuse treatment recommended by DSS and drug screens. Additionally, Mother failed to support Child other than providing incidental support such as snacks and toys at visits. Child's guardian ad litem (the GAL) noted DSS identified a preadoptive home for Child. The GAL testified Child did not appear bonded to Mother, was bonded with his foster parents, and appeared happy and well cared for in his foster home. Accordingly, TPR is in Child's best interests.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

*of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.